UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL GARCIA; M.Y. AND L.Y., minors by and through their guardian ad litem VANESSA RUIZ; L.Y., a minor by and through his guardian ad litem FRANCISCA URIOSTEGUI,<br><br>Plaintiffs,<br><br>v.<br><br>YUBA COUNTY SHERIFF'S DEPARTMENT; YUBA COUNTY SHERIFF'S DEPUTIES DOES 1-5; CITY OF VACAVILLE; and VACAVILLE POLICE OFFICER DOES 6-10,<br><br>Defendants. | No. 2:19-cv-02621-KJM-DB<br><br>ORDER |

Defendant Yuba County Sheriff's Department ("YCSD") moves to dismiss ("YCSD MTD", ECF No. 11), as does defendant City of Vacaville ("Vacaville") ("Vacaville MTD", ECF No. 14), both relying on Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Carmel Garcia; M.Y. and L.Y., minors by and through their guardian ad litem Vanessa Ruiz; and L.Y., a minor by and through his guardian ad litem Francisca Uriostegui (collectively, "plaintiffs"), oppose both motions. Pls.' YCSD Opp'n, ECF No. 19; Pls.' Vacaville Opp'n, ECF No. 18. YCSD and Vacaville replied. YCSD Reply, ECF No. 22; Vacaville Reply, ECF No. 21.

/////

The court conducted a hearing by video teleconferencing on July 24, 2020. Stanley Goff and Fulvio Cajina appeared for plaintiffs, Jill Nathan appeared for YCSD, and Henry Bernstein and Richard Osman appeared for Vacaville. Having carefully reviewed the papers, the arguments of counsel and the applicable law, the court GRANTS IN PART and DENIES IN PART the motions.

I. BACKGROUND

a. Factual Background

This wrongful death and survivorship case arises from the death of Samuel Levi Yasko. Yasko was housed[1] at the Yuba County Jail in Marysville, California, in 2017. First Am. Compl. ("FAC"), ECF No. 9, ¶¶ 11–12. Plaintiffs allege that while housed at the jail, Yasko experienced suicidal ideation and threatened to commit suicide. *Id.* ¶ 13. Allegedly, despite YCSD sheriff's deputies' knowledge of Yasko's suicidal ideation, he was released from the jail on or about December 27, 2017, without undergoing a psychiatric review and without informing his family of his suicidal condition. *Id.* ¶ 14.

On December 29, 2017, Yasko tried to hang himself using the seatbelt of a friend's truck as the truck was parked outside a convenience store. *Id.* ¶¶ 16–17. His brother, who was present, called for help. *Id.* ¶ 18. Vacaville police officers arrived on the scene. *Id.* The Vacaville officers removed Yasko from the truck and placed him on the ground. *Id.* ¶ 19. Plaintiffs allege at least one officer stomped on Yasko as he suffered from a mental and physical crisis, while other officers looked on. *Id.* ¶ 20. Yasko was allegedly not armed, not posing a threat to anyone, not trying to evade arrest or capture and had not committed any crime. *Id.* ¶ 21. He was taken by ambulance to the nearest hospital, where he lapsed into a coma. *Id.* ¶ 22. He died in the hospital, according to the complaint, on January 3, 2019.[2] *Id.* ¶ 23.

---

[1] The First Amended Complaint and moving papers are unclear as to whether Yasko was a pretrial detainee or a convicted inmate when at the Jail. The parties agreed at hearing he was a pretrial detainee, and thus the court relies on the Fourteenth Amendment standard.

[2] The complaint uses this date, but plaintiffs' counsel's argument at hearing suggests to the court that a date of death in 2019 was a typo and Yasko instead died on January 3, 2018. This is not

b.  Procedural Background

On December 28, 2019, Yasko's mother, Carmel Garcia, and his children M.Y. and L.Y., by and through their mother Vanessa Ruiz as guardian ad litem, and his child L.Y. by and through his mother, Francisca Uriostegui, as guardian ad litem, filed this suit.  Compl., ECF No. 1.  They allege 1) a claim for excessive force under 42 U.S.C. § 1983 and for *Monell*[3] liability against Vacaville and Doe Vacaville police officers; 2) a claim for deliberate indifference to Yasko's medical needs under the Eighth and Fourteenth Amendments and *Monell* liability against YCSD and Doe YCSD sheriff's deputies; and 3) a § 1983 claim for a violation of plaintiffs' Fourteenth Amendment right to familial relations with the decedent against all defendants.[4]  *See* FAC at 6–10.

Plaintiffs attach declarations to their complaint from Vanessa Ruiz and Francisca Uriostegui setting forth the qualifications of their minor children as Yasko's successors-in-interest as required by California Code of Civil Procedure section 377.32.  *See* Uriostegui L.Y. Successor-in-Interest Decl., ECF No. 9-2; Ruiz L.Y. Successor-in-Interest Decl., ECF No. 9-4; Ruiz M.Y. Successor-in-Interest Decl., ECF No. 9-5.  At the time defendants filed their motions to dismiss, Ruiz and Uriostegui had not been appointed as guardians ad litem of their minor children, but they had moved to do so on May 7, 2020, the same day the first of the motions to dismiss was filed.  Ruiz Mot. to Appoint GAL, ECF No. 12; Uriostegui Mot. to Appoint GAL, ECF No. 13.  The court has now appointed them guardians ad litem.  Order Appointing GALS, ECF No. 20.

---

material to the motion, but must be corrected in any amended complaint, if it is a scrivener's error.

[3] In other words, municipal liability for civil rights claims arising under *Monell v. Dept. Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[4] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

3

II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

4

1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

### III. DISCUSSION

#### a. Standing

Both sets of defendants assert in their motions that the plaintiffs have failed to comply with California Code of Civil Procedure section 377.32, which sets out a requirement for individuals asserting survival claims on behalf of a decedent to file an affidavit specifying certain information establishing their status as a successor-in-interest. *See* YCSD MTD at 3–6; Vacaville MTD at 3; *see also* Cal. Code Civ. P. §§ 377.30, 377.32. Defendants argue plaintiffs thus do not have standing to assert the survival claims in their suit. But as noted, Vanessa Ruiz and Francisca Uriostegui have since been appointed guardians ad litem for the minor plaintiff, Order Appointing GALs, and plaintiffs have attached a compliant declaration from Claudia Garcia in opposition to the motions. Garcia Decl., ECF No. 18-1. At hearing, both sets of defendants conceded these filings cure any deficiencies in standing to bring the survival actions. The court DENIES defendants' motion as to the survival claims.

#### b. YCSD'S MOTION

##### 1. Statute of Limitations - Fourteenth Amendment

YCSD asserts plaintiffs' second claim of action against it under 42 U.S.C. § 1983 is time-barred. YCSD MTD at 6–7. Motions to dismiss based on the running of the statute of limitations may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206–7 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Section 1983 claims in federal courts have the same statute of limitations as the "general or residual statute" governing personal injury actions in the state in which the action accrues. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). California's personal injury statute of limitations is two years. Cal. Code Civ. P. § 335.1. Along with the applicable statute of

1 limitations, federal courts borrow state tolling rules. *Canatella v. Van De Kamp*, 486 F.3d 1128,
2 1132 (9th Cir. 2007) (citation omitted).  When a plaintiff in California is "imprisoned on a
3 criminal charge … for a term less than for life" when a claim accrues, the statute of limitations is
4 tolled for up to two years.  Cal. Code Civ. P. § 352.1(a).  However, federal law, not state law,
5 governs when a § 1983 claim accrues.  *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  A
6 § 1983 claim accrues when the plaintiff knows or has reason to know of the injury forming the
7 basis of the action.  *Dupris v. McDonald*, 554 F. App'x 570, 572 (9th Cir. 2014) (citations
8 omitted).

9       Here, the predicate acts for plaintiff's second claim against YCSD are YCSD's
10 failure to provide adequate and reasonable mental health care to the decedent, failure to train and
11 supervise YCSD jail employees to provide adequate mental health care, and failure to warn
12 decedent's family of his suicidal ideation on his release.  FAC ¶¶ 34–35.  Most of these alleged
13 acts took place during the period of decedent's custody in the Yuba County Jail.  *Id.* ¶ 14.  YCSD
14 asserts the tolling provision of California Code of Civil Procedure section 352.1(a) is not
15 triggered by pretrial custody, only postconviction imprisonment, citing *Austin v. Medicis*, 21 Cal.
16 App. 5th 577 (2018).  YCSD Reply at 4.  Plaintiffs assert *Austin* is not binding on this court and
17 say that section 352.1 does toll the limitations period during pretrial custody.  Pls.' YCSD Opp'n
18 at 3-4 (citing *Elliot v. City of Union City*, 25 F.3d 800 (9th Cir. 1994)).

19       Assuming without deciding that plaintiffs are correct, the earliest any limitations
20 period would have begun to run is December 27, 2017.  As pled in the operative complaint,
21 Yasko was released from the Yuba County Jail "on or about December 27, 2017."  FAC ¶ 14.
22 Plaintiffs filed suit on December 28, 2019, two years and one day later.  Because the
23 constitutional injury is based on acts occurring while plaintiff was housed at the Jail and a failure
24 to warn Yasko's family he was suicidal, the second claim accrued, at the latest, at the point
25 Yasko's survivors knew or should have known of the injury.  *See* Pls.' YCSD Opp'n at 2
26 (omissions "occurred while decedent was in custody and lasted up to at least the day of his release
27 from custody, December 27, 2017.").  The tolling statute at issue pauses the statute of limitations
28 during a period of custody, which plainly ended on Yasko's release.  *See* Cal. Code Civ. P.

§ 352.1 (tolling during the "time of [] disability").  Even if Yasko was aware he was being provided substandard mental health care during his time of detention, claims arising from that injury were tolled until at least his release.

Therefore, the question of whether these claims are time barred turns on two questions: 1) whether plaintiff's allegation Yasko was released from jail "on or about" December 27 forecloses the possibility he was released a day later, on December 28; and 2) whether Yasko first "knew or should have known" about the constitutional injury at the time of or after his release.

Because the court is mindful that a motion to dismiss on statute of limitations grounds should be granted only if it is "clear from the face of the complaint that the statute has run," *Milliner v. Bock Evans Fin. Counsel, Ltd.*, 114 F. Supp. 3d 871, 883 (N.D. Cal. 2015) (citing *Jablon*, 614 F.2d at 682), the court will not dismiss on these grounds.  The ambiguity built into plaintiffs' allegation that Yasko was released "on or about" December 27 makes his release a day later plausible when reading the complaint with the required liberality.  Because claims accruing while plaintiff was in custody could be tolled until the day of his release, and it is not clear that a claim for failure to warn his family of suicidal ideation could only accrue at the moment of his release or earlier,[5] it is not clear plaintiff's claims against YCSD are barred as a matter of law.  The court DENIES YCSD's motion in this respect.

### 2. Plausibility - Fourteenth Amendment

YCSD argues plaintiffs have not stated a plausible claim of deliberate indifference to Yasko's need for psychiatric care under the Fourteenth Amendment.  YCSD MTD at 7–8.  The elements of a deliberate indifference claim sounding in the Fourteenth Amendment based on failure to protect a detainee are:

  i.  The defendant made an intentional decision with respect to the conditions under which the [detainee] was confined;
  ii. those conditions put the [detainee] at substantial risk of suffering serious harm;

---

[5] Plaintiff argued for the first time at hearing the claim could have accrued when Yasko died. Because this position is not pled in the complaint, the court does not consider it for purposes of resolving this motion.

7

> iii. the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of defendant's conduct obvious; and
> iv. by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citing *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

YSCD argues the First Amended Complaint's allegations are inadequate with respect to causation, because the complaint merely states Yasko was in custody for "over a year" and at some point "threatened to commit suicide while at the Jail." YCSD MTD at 9 (citing FAC ¶¶ 12–13). To state a due process claim for failure to protect, plaintiffs must plead deliberate indifference, "more than negligence but less than subjective intent – something akin to reckless disregard." *Castro*, 833 F.3d at 1071. Deliberate indifference is a high legal standard and a showing of simple medical malpractice or jailer negligence is not enough to establish a constitutional violation. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiffs can state a claim without alleging specific deputies were subjectively aware of the likelihood Yasko would commit suicide without psychiatric care. *Castro, supra* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015)). However, the unadorned allegation that Yasko threatened to commit suicide at some point during his year-long stay in the Jail, to an unidentified listener, does not adequately plead how "a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious." *Id.*

Therefore, the court will GRANT YCSD's motion as to the second claim for violation of Mr. Yasko's Fourteenth Amendment rights.

### 3. Qualified Immunity

Because the court dismisses the second claim on other grounds, it need not reach YCSD's assertion of qualified immunity at this stage.

/////

/////

/////

4. <u>Third Claim - Familial Relations</u>

YCSD argues plaintiffs' third claim, for violation of their right to familial relations under the Fourteenth Amendment, does not state a claim against YCSD because it does not allege acts by YCSD that shock the conscience. The court agrees.

The due process clause protects the right to familial relations between family members. *See Cotta v. County of Kings*, 79 F. Supp. 3d 1148, 1176-77 (E.D. Cal. 2015) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). Deliberate indifference may give rise to a familial relations claim under the Fourteenth Amendment, but to do so it must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 1177 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

Here, the predicate acts for the familial relations claim, although alleged against all defendants, are "deliberately intentionally beating, excessively restraining, and ultimately killing decedent," acts attributed solely to the Vacaville defendants earlier in the operative complaint. FAC ¶ 41. Although this may state a claim if plaintiffs are able to identify the "Doe" Vacaville police officers, it does not suffice against YCSD.

Plaintiffs' allegations relating to deliberate indifference by YCSD are incorporated by reference in their familial relations claim. *Id.* ¶ 32. Even assuming this pleading is sufficient to put alleged acts of YCSD at issue under the third claim, the allegations are too devoid of factual detail to show a plausible causal connection between YCSD's acts and the loss of family relationship. As discussed above, even when construing the complaint in the light most favorable to the plaintiff, *Erickson*, 551 U.S. at 93-94, plaintiff's complaint does not contain the requisite factual detail to state a claim for deliberate indifference. Therefore, the court will GRANT YCSD's motion in this respect.

c. <u>VACAVILLE'S MOTION</u>

Vacaville argues plaintiffs' *Monell* claims against the City do not state a claim and must be dismissed. Vacaville MTD at 4-5. The court agrees. *Monell* expressly rejects a standard that would result in "*de facto respondeat superior*" for municipalities. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted). Instead, it requires that some direct official act by the

municipality is the moving force of the constitutional violation. *Monell*, 436 U.S. at 694. Under *Monell*, the City of Vacaville may be held liable for a constitutional violation under § 1983 if an "official policy, custom, or pattern on the part of [Vacaville] was the actionable cause of the claimed injury." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citation, internal quotation marks omitted). To establish liability under *Monell*, plaintiffs ultimately must show (1) plaintiff was deprived of a constitutional right; (2) defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Berardino Cty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citation omitted).

Plaintiffs' *Monell* claims against Vacaville in their first and third causes of action are based on the allegations Vacaville

> does not train, or inadequately trains its officers in how to deal with persons suffering from psychiatric or physical distress related mental health crises. Furthermore, Vacaville has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric, psychological or physical distress related problems, which with its lack of, or inadequate, training amounts to deliberate indifference in violation of the United States Constitution.

FAC ¶ 25. Plaintiffs characterize their claims as policy and custom claims and failure to train claims. Pls.' Vacaville Opp'n at 4–5. They stand on this portion of their First Amended Complaint as the sufficiently pled factual basis of their claim. *Id.*

1. Failure to Train

"The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). However, failure-to-train claims must meet a stringent standard; "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. at 61 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985)). The failure to train must reflect a deliberate or conscious choice by municipal decision makers to disregard citizens' constitutional rights. *Canton*,

489 U.S. at 389–91. Demonstrating a municipality's deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). In most cases, this requires a showing of repeated violations of citizens' rights by untrained municipal employees. *Id.* at 409. However, in rare instances, "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 U.S. at 64.

### 2. Policy or Custom

Plaintiffs may show a policy or custom one of four ways:

(1) [C]onduct pursuant to a formal or expressly adopted official policy;
(2) a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;
(3) the decision of a decision-making official who was, as a matter of state law, a final policymaking authority and whose edicts or acts may fairly be said to represent official policy in the area of decision; or
(4) that an official with final policymaking authority either delegated that authority either delegated that authority to, or ratified the decision of, a subordinate.

*J.M. by and Through Rodriguez v. Cty. of Stanislaus*, No. 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *3 (E.D. Cal. 2018) (citing *Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)). "A policy is [a] 'deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id.* (quoting *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). A "policy of inaction" may give rise to liability if the inaction "amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A custom is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) (internal quotation marks and citation omitted). "Liability for an improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

11

1  consistency that the conduct has become a traditional method of carrying out policy." *Trevino v.*
2  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

3  Here, the allegations in the First Amended Complaint are inadequate to state a
4  claim under *Monell* for either failure to train or policy and custom.  While plaintiffs reiterate that
5  they have "alleged that VACAVILLE with deliberate indifference does not train, or inadequately
6  trains its officers on how to deal with persons suffering from psychiatric or physical distress
7  related to mental health crises and that VACAVILLE has a widespread or longstanding custom or
8  practice of not providing assistance to individuals suffering from psychiatric, psychological or
9  physical distress related problems[…]," Pls.' Vacaville Opp'n at 5 (citing FAC ¶ 25), these are
10 legal conclusions, not facts.

11 Contrary to plaintiffs' assertion, the court has no obligation to take as true these
12 "legal conclusion[s] couched as [] factual allegation[s]," *Papasan*, 478 U.S. at 286, or accept "a
13 formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555 (citation
14 omitted).  The Ninth Circuit has specifically rejected such minimalistic pleading of a
15 municipality's actions in response to the heightened pleading standards articulated in *Twombly*
16 and *Iqbal*.  *See AE ex rel. Hernandez. v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) ("[T]o
17 be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply
18 recite the elements of a cause of action, but must contain sufficient allegations of underlying facts
19 to give fair notice and to enable the opposing party to defend itself effectively." (quoting *Starr v.*
20 *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

21 Plaintiffs here do not allege a specific failure of training or any facts tending to
22 show the knowledge of those with responsibility for training the officers in the incident.  Nor do
23 they identify a specific policy or custom beyond alleging the existence of one they say caused the
24 harm in this case.  This is insufficient to withstand a motion to dismiss.  As a result, the court will
25 GRANT Vacaville's motion to dismiss plaintiffs' first and third *Monell* claims against the City of
26 Vacaville.  However, the dismissal will be with leave to amend, because "plausible facts
27 supporting such a policy or custom could [] cure[] the deficiency in the *Monell* claim."  *Id.*
28 /////

          d.  Leave to Amend

It does not appear futile to allow plaintiffs to amend their complaint, and the court will grant leave to do so.  Rule 15 of the Federal Rules of Civil Procedure evinces a preference for leave to amend that is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  Indeed, it may be an abuse of discretion to dismiss with prejudice unless it is clear that the complaint could not be saved by amendment.  *Id.* at 1052.

Here, plaintiffs have alleged the elements of their claims but have not filled in with plausible facts.  At this stage, taking into account the discussion with counsel at hearing, this does not foreclose the possibility those facts could exist.  The court grants leave to amend to add factual detail sufficient to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS YCSD's motion to dismiss as to plaintiffs' second and third claims for deliberate indifference and interference with familial relations under the Fourteenth Amendment, with leave to amend.  The court GRANTS Vacaville's motion to dismiss plaintiffs' first and third claims for excessive force and deprivation of familial relations without due process against the City of Vacaville only, with leave to file an amended complaint within 60 days of this order.

Because the parties have indicated their willingness to attend a settlement conference on resolution of the pleadings, the court ORDERS the parties to file a joint statement addressing whether the matter is ripe for referral to settlement within fourteen days of the filing of any amended complaint.

IT IS SO ORDERED.

DATED: September 17, 2020.

[signature]

CHIEF UNITED STATES DISTRICT JUDGE