UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL GARCIA; M.Y. AND L.Y., minors by and through their guardian ad litem VANESSA RUIZ; L.Y., a minor by and through his guardian ad litem FRANCISCA URIOSTEGUI, <br><br> Plaintiffs, <br><br> v. <br><br> YUBA COUNTY SHERIFF'S DEPARTMENT; YUBA COUNTY SHERIFF'S DEPUTIES DOES 1-5; CITY OF VACAVILLE; and VACAVILLE POLICE OFFICER DOES 6-10,, <br><br> Defendants. | No. 2:19-cv-2621 KJM DB <br><br><br> ORDER |

On April 16, 2021, defendants filed a motion to compel and award sanctions. (ECF No. 37.) The motion is noticed for hearing before the undersigned on May 7, 2021, pursuant to Local Rule 302(c)(1). Defendants' motion asserts a "complete failure to respond" by plaintiffs to the discovery requests. (Id. at 3.) On May 2, 2021, plaintiffs filed an untimely opposition and an ex parte application for leave to file a late opposition. (ECF Nos. 38 & 39.)

According to plaintiffs' own opposition, defendant City of Vacaville served plaintiffs with discovery requests on "November 5, 2020," and plaintiffs were "not able to serve responses . . . on or before . . . the deadline to do so[.]" (ECF No. 38 at 2.) In fact, plaintiffs assert that they only finally "placed in the mail on April 25, 2021," the discovery responses. It is unclear if

1

plaintiffs' responses attempt to assert objections.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection."); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response[.]").

Plaintiffs assert that the undersigned should not hear defendants' motion because defendants failed to attempt to file a Joint Statement. (ECF No. 38 at 3.) However, Local Rule 251(e) provides that a Joint Statement is not required "when there has been a complete and total failure to respond to a discovery request[.]" Moreover, defense counsel has provided a copy of a letter dated January 4, 2021, addressed to plaintiffs' counsel in which defense counsel outlined the pending discovery dispute, provided plaintiffs a week to provide discovery responses without objection before filing a motion to compel, and stated that counsel was "available to discuss by phone," the pending dispute. (ECF No. 37-1 at 54.)

According to defense counsel's declaration—filed in support of the motion to compel—defense counsel "attempted to meet and confer with Plaintiffs' counsel" on several occasions. (Bernstein Decl. (ECF No. 37-1) at 1.) Between January 12, 2021, and January 25, 2021, defense counsel twice called plaintiffs' counsel, those calls went unanswered, and the automated message stated that the voicemail was full and unable to accept new recordings. (Id. at 9.) Defense counsel again attempted to reach plaintiffs' counsel by phone between April 12 and April 15, 2021, but was unsuccessful. (Id. at 2-3.) Defense counsel then emailed plaintiffs' counsel on April 15, 2021, "regarding their failure to serve responses," but plaintiffs' counsel did not respond prior the motion to compel being filed on April 16, 2021. (Id. at 3.)

With respect to defendants' request for monetary sanctions, "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks

down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  When the court grants a motion to compel it must "after giving an opportunity to be heard," award "reasonable expenses incurred in making the motion, including attorney's fees," unless the "opposing party's position was 'substantially justified' or that 'other circumstances make an award of expenses unjust.'"  Id. (quoting Fed. R. Civ. P. 37(a)(5)(A)).  "The burden of establishing this substantial justification or special circumstances rests on the party being sanctioned."  (Id.)

Plaintiffs argue that they were substantially justified "due to . . . not having access to the internet and in general being unable to adequately communicate with Plaintiffs' counsel to convey the necessary information to complete the discovery propounded on them" because plaintiffs "live in a very rural area in Northern California[.]"  (ECF No. 38 at 6.)  This justification, however, does not address what appears to be plaintiffs' counsel's failure to timely communicate with defense counsel about the outstanding discovery, to seek and obtain extensions of time to respond, to timely file briefing, etc.  Moreover, it is unclear even as of the date of this order if plaintiffs have provided appropriate responses to the outstanding discovery.

In light of plaintiffs' untimely responses and briefing, the undersigned will continue the hearing of defendants' motion to allow defendants time to analyze any discovery produced and update the court as to the current nature of the discovery dispute.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 7, 2021 hearing of defendants' motion to compel (ECF No. 37) is continued to **May 28, 2021**;

2. On or before **May 14, 2021**, defendants shall file a supplemental memorandum; and

3. On or before **May 21, 2021**, plaintiffs shall file a reply.

Dated:  May 3, 2021

DLB:6
DB/orders/orders.civil/garcia2621.mtc.cont.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3