| | |
|---|---|
| Richard W. Osman, State Bar No. 167993<br>Sheila D. Crawford, State Bar No. 278292<br>BERTRAND, FOX, ELLIOT, OSMAN & WENZEL<br>The Waterfront Building<br>2749 Hyde Street<br>San Francisco, California 94109<br>Telephone: (415) 353-0999<br>Facsimile:  (415) 353-0990<br>Email:       rosman@bfesf.com<br>                   scrawford@bfesf.com<br><br>Attorneys for Defendants<br>CITY OF VACAVILLE, JULIE BAILEY,<br>CHUCK BAILEY, DUSTIN WILLIS,<br>and DAVE SPENCER | Fulvio F. Cajina, State Bar No. 289126<br>LAW OFFICE OF FULVIO F. CAJINA<br>528 Grand Ave.<br>Oakland, CA 94610<br>Telephone: (415) 601-0779<br>Facsimile:  (510) 225-2636<br>Email:       fulvio@cajinalaw.com<br><br>Stanley Goff, State Bar No. 289564<br>15 Boardman Place Suite 2<br>San Francisco, CA 94103<br>Telephone: (415) 571-9570<br>Email:       scraiggoff@aol.com<br><br>Attorneys for Plaintiffs<br>CARMEL GARCIA, M.Y. AND L.Y., minors by and through their guardian ad litem VANESSA RUIZ; L.Y., a minor by and through his guardian ad litem FRANCISCA URIOSTEGUI |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL GARCIA, an individual; M.Y. AND L.Y., minors by and through their guardian ad litem VANESSA RUIZ; L.Y., a minor by and through his guardian ad litem FRANCISCA URIOSTEGUI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YUBA COUNTY SHERIFF'S DEPARTMENT; YUBA COUNTY SHERIFF'S DEPUTIES DOES 1-5; CITY OF VACAVILLE; and VACAVILLE POLICE OFFICER DOES 6-10;<br><br>　　　　Defendants. | Case No. 2:19-cv-02621-KJM-DB<br><br><br><br>**STIPULATION REGARDING DEPOSITION OF PLAINTIFF L.Y.; ORDER**<br><br><br><br>**Judge: Kimberly J. Mueller** |

STIPULATION REGARDING DEPOSITION OF PLAINTIFF L.Y. AND [PROPOSED] ORDER
*Garcia v. Vacaville, et al.* 2:19-cv-02621-KJM-DB

WHEREAS, Plaintiffs CARMEL GARCIA, et al. desire to avoid subjecting minor Plaintiff L.Y., represented in this action by his Guardian Ad Litem FRANCISCA URIOSTEGUI, to the stress of a deposition unless necessary;

WHEREAS, Defendants CITY OF VACAVILLE, et al., desire to obtain discovery regarding Plaintiff L.Y.'s claims for damages;

WHEREAS, Plaintiffs agree to notify Defendants no later than ninety (90) days before trial whether or not Plaintiff L.Y. intends to testify at trial;

WHEREAS, if Plaintiff L.Y. intends to testify at trial, Plaintiffs agree to produce Plaintiff L.Y. for deposition at a mutually agreeable date regardless of whether fact discovery has closed;

WHEREAS, Plaintiff L.Y.'s Guardian Ad Litem FRANCISCA URIOSTEGUI agrees to provide responses to one (1) set of written discovery consisting of Interrogatories, Requests for Admission, and Requests for Production of Documents pertaining to Plaintiff L.Y.'s claims for damages beyond the close of fact discovery;

WHEREAS, Plaintiffs agree that Plaintiff L.Y. will not testify at trial unless Defendants are notified of his intent to testify at trial no later than ninety (90) days before trial and Defendants are afforded the opportunity to depose Plaintiff L.Y. on a mutually agreeable date after such notice;

WHEREAS, Defendants agree not to seek to depose Plaintiff L.Y. unless and until Defendants are notified that Plaintiff L.Y. intends to testify at trial;

WHEREAS, good cause exists to permit the limited discovery referenced herein following the close of fact discovery in order to avoid subjecting Plaintiff L.Y. to the stress of a deposition unless absolutely necessary while also permitting Defendants to obtain information regarding Plaintiff L.Y.'s claims for damages.

**STIPULATION**

NOW, THEREFORE, Plaintiffs and Defendants stipulate and request a Court order ordering that Plaintiffs provide notice Defendants whether or not Plaintiff L.Y. intends to testify at trial no later than ninety (90) days before trial, that Plaintiff L.Y. will only be permitted to testify at trial if Defendants are given said notice and afforded an opportunity to depose Plaintiff L.Y. on a mutually agreeable date, that Plaintiff L.Y. not be forced to undergo deposition unless and until Plaintiffs notify Defendants of

1

Plaintiff L.Y.'s intent to testify at trial, and that the limited discovery outlined in the stipulation be permitted, if necessary, to take place following the close of fact discovery.

Dated: May 23, 2022                          BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

                                             By:  */s/ Richard W. Osman*
                                                   Richard W. Osman
                                                   Attorney for Defendants CITY OF
                                                   VACAVILLE, JULIE BAILEY,
                                                   CHUCK BAILEY, DUSTIN WILLIS, and
                                                   DAVE SPENCER

Dated: May 23, 2022                          LAW OFFICES OF FULVIO F. CAJINA

                                             By:  */s/ Fulvio F. Cajina*
                                                   Fulvio F. Cajina
                                                   Attorney for Plaintiffs CARMEL GARCIA,
                                                   M.Y. AND L.Y., minors by and through their
                                                   guardian ad litem VANESSA RUIZ; L.Y., a
                                                   minor by and through his guardian ad litem
                                                   FRANCISCA URIOSTEGUI

### ELECTRONIC CASE FILING ATTESTATION

I, Richard W. Osman, hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by counsel to show their signature on this document as /s/.

Dated: May 23, 2022              By:  /s/  Richard W. Osman
                                       Richard W. Osman

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

That Plaintiffs shall provide notice to Defendants whether or not Plaintiff L.Y. intends to testify at trial no later than ninety (90) days before trial, that Plaintiff L.Y. will only be permitted to testify at trial if Defendants are given said notice and afforded an opportunity to depose Plaintiff L.Y. on a mutually agreeable date, that Plaintiff L.Y. not be forced to undergo deposition unless and until Plaintiffs notify Defendants of Plaintiff L.Y.'s intent to testify at trial, and that the limited discovery outlined in the stipulation be permitted, if necessary, to take place following the close of fact discovery.

DATED: July 26, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE