FULVIO CAJINA (SBN 289126)
LAW OFFICES OF FULVIO F. CAJINA
528 Grand Avenue, Oakland, CA 94610
Tel: 415-601-0779 Fax: 510-225-2636
Email: fulvio@cajinalaw.com

STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiffs CARMEL GARCIA, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CARMEL GARCIA, an individual; M.Y. AND L.Y., minors by and through their guardian ad litem VANESSA RUIZ; L.Y., a minor by and through his guardian ad litem FRANCISCA URIOSTEGUI,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY SHERIFF'S DEPARTMENT; YUBA COUNTY SHERIFF'S DEPUTIES DOES 1-5; CITY OF VACAVILLE; and VACAVILLE POLICE OFFICER DOES 6-10;<br><br>Defendants. | Case No. 2:19-cv-02621-KJM-DB<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: November 4, 2022**<br>**Time: 10:00 a.m.**<br>**Place: Zoom Webinar**<br>**Judge: Kimberly J. Mueller** |
|---|---|

Plaintiffs submit the following separate statement of disputed material facts in opposition to Defendants' motion for summary judgment.

**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS PURSUANT TO L.R. 260(b)**

| DISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Vacaville Police Department dispatch received a call regarding a possible suicide attempt by decedent, Samuel Levi Yasko, on December 29, 2017, at approximately 8:00 PM. | Declaration of Fulvio F. Cajina ("Cajina Decl."), Exhibit 1, dispatch audio file from City of Vacaville (Bates No. "CITY000332"). |
| 2. Defendant Julie Bailey was the | Cajina Decl., Exhibit 2, Deposition of Julie |

1
**SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

e

| **DISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| first Vacaville Police Department officer to respond to that call on December 29, 2017. | Bailey ("J. Bailey Depo."), 74:18-75:18; 79:17-80:19. |
| 3. Soon after defendant Julie Bailey arrived on scene, she understood that decedent was a suicide risk. | Cajina Decl., Exhibit 2, J. Bailey Depo., 79:3-80:3; 90:20-91:5; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"). |
| 4. Back in 2017, Vacaville Police Department patrol officers regularly interacted with individuals undergoing mental health crises, such as decedent. | Cajina Decl., Exhibit 9, Lt. Larsen Deposition ("PMK Depo."), 27:2-7. |
| 5. As of December 29, 2017, the Vacaville Police Department did not have a policy of sending trained crisis intervention officers to calls related to persons undergoing mental health crises. | Cajina Decl., Exhibit 2, J. Bailey Depo., 48:25-50:15; Exhibit 3, Deposition of Chuck Bailey ("C. Bailey Depo."), 68:2-72:14; Exhibit 9, PMK Depo., 26:18-27:12, 29:10-15, 39:7-22, 56:8-21, 60:16-21. |
| 6. As of December 29, 2017, the Vacaville Police Department did not provide its officers with resources to deal with persons undergoing mental health crises. | Cajina Decl., Exhibit 2, J. Bailey Depo., 48:25-50:15; Exhibit 3, Chuck Bailey Deposition ("C. Bailey Depo"), 68:2-72:14; Exhibit 9, Lt. Bryan Larsen Deposition ("PMK Depo."), 26:18-27:12, 29:10-15, 39:7-22, 56:8-21, 60:16-21. |
| 7. The individual defendants who responded to the December 29, 2017 call involving decedent were not crisis intervention officers. | Cajina Decl., Exhibit 2, J. Bailey Depo., 48:25-50:15; Exhibit 3, C. Bailey Depo, 62:25-63:11. |
| 8. According to Officer J. Bailey, she was unaware if decedent had committed a crime at the time she decided to handcuff him. | Cajina Decl., Exhibit 2, J. Bailey Depo., 143:19-23; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"). |
| 9. Decedent never acted in an assaultive manner toward the officers. He never swore at them, threatened them, or threw punches or kicks. | Cajina Decl., Exhibit 2, J. Bailey Depo., 96:8-19; 112:2-13; 121:21-25; 125:24-126:3; Exhibit 3, C. Bailey Depo, 154:4-156:5; Exhibit 4, Deposition of David Spencer ("Spencer Depo."), 23:15-24:3; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 10. Decedent was initially placed in | Cajina Decl., Exhibit 2, J. Bailey Depo., |

| **DISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| a prone position by his brother, Joseph Sturgeon, and his friend, Jason Hays. | 94:3-95:16; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"). |
| 11. The responding Vacaville Police Department officers eventually moved Sturgeon and Hays out of the way and positioned themselves to hold decedent down in a prone position to handcuff him. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 12. After decedent was handcuffed, officers continued to apply pressure to decedent's torso while he continued to lay in a prone position on the ground. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 13. None of the individual defendants took any steps to place decedent in a recovery position – on his side – after being handcuffed until decedent lost consciousness. | Cajina Decl., Exhibit 3, C. Bailey Depo., 94:19-95:12; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 14. Defendants are trained to place a suspect in a recovery position as soon as possible when the suspect is prone and has been subjected to a long struggle. | Cajina Decl., Exhibit 3, C. Bailey Depo., 94:19-95:12; 96:7-101:3. |
| 15. Police officers are trained to place suspects in a recovery position to facilitate their breathing. | Cajina Decl., Exhibit 2, J. Bailey Depo., 118:6-8; 120:13-19; Exhibit 3, C. Bailey Depo., 94:19-95:12; 96:7-101:3. |
| 16. Defendant Julie Bailey sat on or about decedent's buttocks area before and after handcuffing him. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"); Exhibit 4, Spencer Depo., 35:20-38:5. |
| 17. Defendant Chuck Bailey pressed his knee near decedent's neck area and/or on his left shoulder blade both before and after decedent was handcuffed. | Cajina Decl., Exhibit 5, Deposition of Dustin Willis ("Willis Depo."), 113:17-116:9; Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"). |
| 18. Defendant Dustin Willis used his foot to pin decedent to the ground both before and after he was | Cajina Decl., Exhibit 5, Willis Depo., 97:19-98:18, 113:17-116:9; Exhibit 7, J. Bailey Body Camera Footage (Bates No. |

e

| **DISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| handcuffed. | "CITY001170"). |
| 19. Defendant David Spencer deployed several knee-strikes to decedent's right abdomen area while he was prone. | Cajina Decl., Exhibit 4, Spencer Depo., 92:18-95:18. |
| 20. After several minutes of having his torso pinned to the ground while handcuffed, decedent's breathing became shallower and shallower and stopped breathing. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 21. Decedent wasn't placed in a recovery position until after he stopped breathing. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |
| 22. At the time of the incident, the Vacaville Police Department did not have policies and procedures alerting any of its officers about the risks of positional asphyxia or the risks associated with placing weight on the back of a prone and handcuffed individual. | Cajina Decl., Exhibit 9, PMK Depo., 49:21-50:12, 51:10-20; Exhibit 2, J. Bailey Depo., 127:1-4; Exhibit 3, C. Bailey Depo., 105:19-25; Exhibit 4, Spencer Depo., 77:22-78:18. |
| 23. According to all defendants, prior to this incident, they never received any training from the Vacaville Police Department regarding the risk of death associated with placing weight on the torso of a handcuffed suspect in a prone position. | Cajina Decl., Exhibit 2, J. Bailey Depo., 127:1-4; Exhibit 3, C. Bailey Depo., 105:19-25; Exhibit 4, Spencer Depo., 77:22-78:18; Exhibit 5, Willis Depo., 87:3-23; Exhibit 9, PMK Depo., 49:21-50:12, 51:10-20. |
| 24. Dr. Arnold Josselson, the County's medical examiner, ruled decedent's cause of death as: "Cardiopulmonary Arrest shortly after Physical Confrontation with Law Enforcement Officers while under the Influence of Methamphetamine (days)." | Cajina Decl., Exhibit 6, Deposition of Arnold Josselson ("Josselson Depo."), Exhibit A, p.1. |
| 25. At his deposition, Dr. Josselson defined "restraint asphyxia" as a death typically involving a suspect with drugs on board, who is involved in a struggle, placed in a prone position, and subjected to pressure on his back | Cajina Decl., Exhibit 6, Josselson Depo., 91:4-93:1. |

4
**SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

e

| DISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| by officers. | |
| 26. Dr. Josselson testified that if he was aware that a suspect/decedent was prone, handcuffed, had methamphetamine in his system, and officers had applied weight on his back when the suspect lost consciousness, then he might call that a "restraint asphyxia" death. | Cajina Decl., Exhibit 6, Josselson Depo., 93:2-96:12. |
| 27. Dr. Josselson further explained that in his opinion, such a death would be a homicide. | Cajina Decl., Exhibit 6, Josselson Depo., 101:1-21. |
| 28. Dr. Arnold Josselson testified, however, that in this case, involving Vacaville police and decedent, he was never provided with body camera footage of the incident despite his requests for such footage. | Cajina Decl., Exhibit 6, Josselson Depo., 90:19-91:3. |
| 29. Dr. Josselson further stated that such body camera footage would have been helpful to determine decedent's cause of death in this case. | Cajina Decl., Exhibit 6, Josselson Depo., 101:1-4. |
| 30. Dr. Josselson explained that restraint asphyxia is a type of positional asphyxia. | Cajina Decl., Exhibit 6, Josselson Depo., 71:1-7. |
| 31. The defendant officers testified that decedent resisted their attempts to handcuff him by, among other things, trying to lift his torso and trying to keep his hands under his torso. | Cajina Decl., Exhibit 2, J. Bailey Depo., 125:13-22; Exhibit 3, C. Bailey Depo., 153:22-24; Exhibit 4, Spencer Depo., 21:6-25. |
| 32. Another likely explanation is that, instead of struggling, the decedent was attempting to use his hands to prop himself up to better breathe when the officers piled on top of him. | Cajina Decl., Exhibit 7, J. Bailey Body Camera Footage (Bates No. "CITY001170"); Exhibit 8, C. Bailey Body Camera Footage (Bates No. "CITY001171"). |

Dated: October 12, 2022

LAW OFFICES OF FULVIO F. CAJINA

By: __/s/ *Fulvio F. Cajina*_____
Fulvio F. Cajina, Esq.
Attorneys for Plaintiffs

5
**SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

e