UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carmel Garcia, et al., | No. 2:19-cv-02621-KJM-DB |
| Plaintiffs, | ORDER |
| v. | |
| Yuba County Sheriff's Department, et al., | |
| Defendants. | |

Plaintiffs request this court approve the settlement and compromise of minor plaintiffs' claims. The court submitted the motion without oral argument as provided under Local Rule 230(g). For the reasons set forth below, the court **grants** the motion.

I.   BACKGROUND

On December 29, 2017, Samuel Levi Yasko attempted to commit suicide by jumping from the second story of a construction site. Mot. at 7, ECF No. 116. His brother, Joseph Sturgeon, and friend, Jason Hays, then decided to drive him home. *Id.* During the drive, Mr. Yasko again attempted to commit suicide by wrapping a seatbelt around his neck. *Id.* His brother and friend then pulled into a gas station in Vacaville, California and called the Vacaville police for assistance. *Id.* at 3. The responding officers put Mr. Yasko "in handcuffs and prone on the concrete floor." *Id.* Body camera footage shows the responding officers applied body weight to Mr. Yasko's torso, including his neck area, while he remained handcuffed and prone. *Id.* at 4.

Mr. Yasko stopped breathing in that position, lost consciousness and never recovered, despite the officers' attempts to provide CPR. *Id.* at 4, 7. Mr. Yasko died a few days later. *Id.* at 7.

Decedent's mother, plaintiff Carmel Garcia, and decedent's three minor sons, plaintiffs L.Y., M.Y. and L.Y., brought claims for excessive force, loss of familial association, and failure to train against defendants. *See generally* Compl., ECF No. 1; First Am. Compl., ECF No. 9. Following several motions to dismiss, *see* First MTD, ECF No. 5; Second MTD, ECF No. 11; Third MTD, ECF No. 14; Fourth MTD, ECF No. 29, a motion for summary judgment, *see* MSJ, ECF No. 68, and the completion of fact discovery, the parties entered a settlement agreement and defendants agreed to pay all named plaintiffs $1,250,000.00 in total, *see* Mot. at 5; Mins. Settlement Conf., ECF No. 111. In return, plaintiffs agreed to fully release defendants from all claims arising out of or related to the facts underlying this action and will dismiss their lawsuit with prejudice. Mot. at 5. Plaintiffs now move for the approval of settlement and compromise of minor plaintiffs' claims. *See generally* Mot.

## II.   LEGAL STANDARD

District courts have a duty to protect the interests of minor litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring court "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit instructs district courts to "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This requires the court to "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value

designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

**III. ANALYSIS**

Under the settlement agreement, the three minor plaintiffs are each entitled to $312,500.00. Mot. at 5. From that award, $3,702.90 will be deducted from each individual plaintiff for costs, and a 30 percent contingency fee for attorney's fees will be applied. *Id.* at 5–6. Ultimately, each individual plaintiff will receive $215,047.10. *Id.* at 6.

Each minor's settlement award will be used to purchase a tax-free separate annuity. *Id.* at 8. The annuities are structured so each minor will receive a lump sum of $50,000 on their 18th birthday, a second lump sum payment on their 21st birthday, a third lump sum on their 25th birthday and a final lump sum on their 30th birthday. *Id.* at 8. Guardians ad litem, Francisca Uriostegui and Vanessa Ruiz, recommend this compromise settlement and proposed distribution. Mot. at 9.

After careful review, the court determines the proposed settlement is fair and reasonable for the minor plaintiffs given the facts of the case, the minors' specific claims, and recovery in similar cases. *See Robidoux*, 638 F.3d at 1181–82; E.D. Cal. R. 202(b)(2). First, the minors' recovery for the loss of their father is commensurate with other minor's compromises approved in similar cases. *See, e.g.*, *Garcia v. County of Kern*, No. 20-0093, 2021 WL 3674519, at *7 (E.D. Cal. Aug. 19, 2021), *report and recommendation adopted*, 2021 WL 3813414 (E.D. Cal. Aug. 26, 2021) (collecting cases and approving minors' compromise of annuity payments exceeding $60,000.00 for each minor plaintiff after their parents were killed in a vehicle chase with law enforcement).

Second, the award of attorney's fees in the amount of 30 percent of the total gross recovery is reasonable due to the risk counsel took in pursuing this action on a contingency basis. As plaintiffs acknowledge, absent a showing of good cause, courts in the Eastern District of California generally consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases for minors. *See L.T. v. United States*, No. 22-00142, 2023 WL 5434423, at *3 (E.D. Cal. Aug. 23, 2023); *Mitchell v. Riverstone Residential Grp.*, No. 11-2202, 2013 WL

3

1680641, at *2 (E.D. Cal. Apr. 17, 2013) (collecting cases).  However, good cause exists to award a higher fee in this case.  Plaintiffs' counsel advanced a sizeable amount of their own funds into the case and took on a significant amount of risk in representing plaintiffs given the factual circumstances.  *Id.* at 7 (noting "decedent was intoxicated with methamphetamine and had attempted to commit suicide multiple times on the day" he lost consciousness).  Further, this litigation only settled after extensive motions practice and intensive discovery.  *Id.* at 4.  Accordingly, this element of the settlement is also fair and reasonable.  *See, e.g.*, *Velez v. Bakken*, No. 17-960, 2019 WL 358703, at *2 (E.D. Cal. Jan. 29, 2019) (finding plaintiffs' counsel could recover 46 percent of the total settlement given, in part, the amount of time counsel spent investigating the claims and the risk counsel took in pursuing the action on a contingency basis).

        Finally, the court concludes the costs incurred are fair and reasonable under the circumstances.  Plaintiffs' counsel asserts the total costs amount to $14,811.61 and will be deducted on a pro rata basis in the amount of $3,702.90 from each individual plaintiff.  Mot. at 5.  While plaintiffs' counsel does not provide any information regarding the time expended on this action or the specific tasks undertaken, plaintiffs assert the settlement was only reached after extensive litigation and fact discovery, and the docket confirms as much.  *Id.*; *see also Garcia v. County of Kern*, 2021 WL 3674519, at *5 (E.D. Cal. Aug. 19, 2021) (finding costs reasonable even though plaintiffs' counsel did not provide specific information).  Additionally, plaintiffs note counsel retained expert witnesses and over ten witnesses were deposed.  Mot. at 4–5.  Given these significant litigation expenditures, the court finds the costs reasonable.  *See, e.g.*, *V.C. by & through Anaya v. Hunterwood Techs. USA, Ltd.*, No. 21-888, 2023 WL 2914284, at *6 (S.D. Cal. Apr. 11, 2023), *report and recommendation adopted*, No. 21-00888, 2023 WL 4047589 (S.D. Cal. Apr. 17, 2023) (finding costs of $61,995.72 were reasonable when compared with a gross settlement amount of $600,000.00); *Clines v. County of San Diego*, No. 20-2504, 2022 WL 16851818, at *5 (S.D. Cal. Nov. 10, 2022), *report and recommendation adopted*, No. 20-02504, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022) (concluding expert fees and costs of $16,425.00 were reasonable compared with a gross settlement amount of $75,000).

/////

IV.    CONCLUSION

For the reasons set forth above:

1) The court finds the settlement is fair and reasonable and **grants** plaintiffs' motion for approval of settlement and compromise of the minor plaintiffs' claims;

2) The settlement amount of $1,250,000.00 shall be apportioned equally to decedent's mother, plaintiff Carmel Garcia ($312,500.00), and decedent's three minor sons, plaintiffs L.Y. ($312,500.00), M.Y. ($312,500.00), and L.Y. ($312,500.00), before fees and costs;

3) From each minor plaintiff's $312,500.00 award, deductions of 30 percent attorney fees and $3,702.90 in costs shall be made. Ultimately, each minor plaintiff shall receive $215,047.10;

4) Each minor plaintiff's $215,047.10 award shall be used to purchase a tax-free separate annuity. The annuity payments shall be disbursed in the following manner: each minor plaintiff shall receive a lump sum of $50,000 on their 18th birthday, a second lump sum payment on their 21st birthday, a third lump sum on their 25th birthday and a final lump sum on their 30th birthday.

This order resolves ECF No. 116.

IT IS SO ORDERED.

DATED: June 3, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

5